UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDAL RAZAK ALI,                )
                                )
         Petitioner,             )
                                )
    v.                           )
                                )  Civil Case No. 10-1020 (RJL)
BARACK OBAMA, *et al.*,          )
                                )
         Respondents.            )

## CASE MANAGEMENT ORDER
### (August 25, 2010)

Upon review of the relevant filings, the relevant law, and the entire record herein, it is hereby **ORDERED** that the following procedures will govern the habeas corpus proceedings for the petitioner in the above-captioned case and shall supersede any case management orders previously entered in this case:[1]

I.  **PRE-HEARING PROCEDURES:**

   A.  **Filings**: All classified filings made through the Court Security Office, including the Government's return, petitioner's traverse, and any motions, shall be filed in duplicate and by 1:00 p.m. on the due date.

   B.  **Factual Returns**: The Government shall produce returns according to the schedule set forth at the August 19, 2010 Status Conference.[2] The Government's return shall include, at a minimum, the factual basis for detention and a brief statement setting forth the Government's legal basis for detaining the petitioner. If the Government's basis for detention is the petitioner's status as an "enemy combatant," the Government must provide the definition of enemy combatant upon which it relies. If the Government's return fails to include a brief statement setting forth its legal basis for detention, the Government will be required to file a supplement to

---

[1] This Case Management Order ("CMO") addresses procedural issues common to all the Guantanamo Bay detainee habeas petitions before the Court and is substantially identical to the CMO entered August 27, 2008 in *Boumediene v. Bush*, No. 04-cv-1166. Where this CMO deviates from CMO entered in *Boumediene*, it does so based either on the particular circumstances of this case or the experience gained from the *Boumediene* case.

1

its return by a date set by the Court. In addition, the return may be amended or supplemented only by leave of the Court for good cause shown.

C. **Unclassified Returns**: The Government shall file an unclassified version of the return no later than two weeks after the filing date for the return set at the August 19, 2010 Status Conference.

D. **Discovery**: Discovery may only be obtained by leave of the Court for good cause shown. The petitioner requesting discovery must provide specific reasons for the request in writing. Any request for discovery must: (1) be narrowly tailored; (2) specify why the request is likely to produce evidence both relevant and material to the petitioner's case; (3) specify the nature of the request (*e.g.*, proposed interrogatories, requests for admission, or requested documents); and (4) explain why the burden on the Government to produce such evidence is neither unfairly disruptive nor unduly burdensome to the Government. The Government has three (3) calendar days to respond in writing to any discovery request. The Court may hold a hearing at its discretion to hear arguments on the discovery request(s).

E. **Exculpatory Evidence**: The Government shall provide on an ongoing basis any evidence contained in the material reviewed in developing the return for the petitioner, and in preparation for the hearing for the petitioner, that tends materially to undermine the Government's theory as to the lawfulness of the petitioner's detention.

F. **Traverse**: The petitioner shall file a traverse in response to the Government's return. The traverse, including any amendments or supplements, shall be filed according to the schedule set forth at the August 19, 2010 Status Conference. The traverse shall include, at a minimum, the relevant facts in support of the petition and a succinct rebuttal of the Government's legal justification for detention.

G. **Pre-Hearing Conference**: The Court will hold a pre-hearing conference prior to the habeas hearing on September 29, 2010, at 2:00 p.m. At this conference, counsel should be prepared to formulate and simplify the issues of law and fact to be resolved at the habeas hearing, identifying areas of agreement and dispute; explore evidentiary problems that may be expected to arise at the habeas hearing; and identify witnesses and documents to be presented at the habeas hearing.

---

[2] Extensions of time from the deadlines set by the Court will be granted rarely and only for good cause shown.

## II. HEARING PROCEDURES:

A. **Burden and Standard of Proof**: The Government must establish, by a preponderance of the evidence, the lawfulness of the petitioner's detention. The Government bears the ultimate burden of persuasion that the petitioner's detention is lawful.

B. **Presumption in Favor of Government's Evidence**: The Court will determine, as to any evidence introduced by the Government, whether a presumption of accuracy and/or authenticity should be accorded the evidence. The petitioner will be given an opportunity to rebut any such presumption accorded the Government's evidence.

C. **Presentation of Evidence at the Habeas Hearing**: The Government will proceed first. At the completion of the Government's presentation, the petitioner may present evidence. At the close of petitioner's case, the Government may present either additional or rebuttal evidence. At the close of all the evidence, each side may present closing argument as to the lawfulness of the petitioner's detention. If a party is permitted to present live testimony during the habeas hearing, the opposing party will be permitted to cross-examine those witnesses.

D. **Hearsay**: Hearsay evidence that is relevant and material to the lawfulness of petitioner's detention may be admissible. The opposing party will have an opportunity to challenge the credibility and weight accorded any hearsay evidence.

E. **Petitioner's Attendance at Proceedings**: Although petitioners are prohibited by law from listening to the classified portions of the hearing, the Court will endeavor to provide them with telephonic access to any unclassified portion of the hearing. At a minimum, the petitioner's counsel will have the opportunity to contact the petitioner by secure telephone on at least one occasion prior to presenting its case.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge