UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| ABDUL RAZAK ALI, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Civil Case No. 10-1020 (RJL) |
|  | ) |  |
| BARACK H. OBAMA,[1] *et al.*, | ) |  |
|  | ) |  |
| Respondents. | ) |  |

MEMORANDUM ORDER
(May 17, 2011) [#1468]

Before the Court is petitioner's Supplement to Motion (and Renewed Motion) For Entry of the Writ Or, In the Alternative, a New Hearing and For Sanctions ("Supp. Mot.") [Dkt. #1468]. Petitioner essentially seeks two forms of relief. First, he asks this Court to grant a new merits hearing based on his allegation that the Government failed to provide him, prior to the merits hearing, certain exculpatory information regarding the reliability of a particular detainee who was caught with petitioner and who corroborated petitioner's presence in Afghanistan. Supp. Mot. at 1-2, 6. Second, petitioner asks this Court to levy sanctions against the Government for its alleged failure to comply with this Court's Case Management Order ("CMO") [Dkt. #1423]. Supp. Mot. at 6.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Barack H. Obama for George W. Bush.

1

First, with respect to petitioner's request for a new merits hearing, even if petitioner's allegations were correct – which they are not – petitioner has not shown, and cannot show, that his having the documents in question to challenge the credibility of that particular detainee would have changed the outcome of his case. Indeed, I essentially concluded to the contrary in my January 11, 2011 Unclassified Memorandum Opinion ("Unclassified Memo. Op."), when I stated that: "petitioner's presence at [the Faisalabad] guesthouse is enough, *alone*, to find that he was more likely than not a member of Abu Zubaydah's force" and was therefore detainable. Unclassified Memo. Op. at 12-13 (emphasis in original) [Dkt. #1448]. Thus, Petitioner has not carried the burden required to re-open his case and his motion is **DENIED.**

Finally, petitioner's request for sanctions is also **DENIED.** Upon review of the classified response to petitioner's motion, *see* Notice of Filing Respondent's Opp'n, Apr. 4, 2011 [Dkt. #1480], I find no basis to conclude that the documents petitioner alleges were withheld were, in fact, reasonably available to the Government. Furthermore, it does not even appear that the documents in question actually support the substantive proposition for which petitioner cites them. In short, petitioner has not shown that the Government failed its discovery obligations under the CMO, let alone proven the bad faith required to impose sanctions.

Accordingly, for all of the foregoing reasons, it is hereby

**ORDERED** that petitioner Abdul Razak Ali's, a.k.a. Saeed Bakhouche's, Supplement to Motion (and Renewed Motion) For Entry of the Writ Or, In the Alternative, a New Hearing and for Sanctions [Dkt. #1468], is **DENIED**.

**SO ORDERED.**

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge